UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AVIVA CANADA INSURANCE, CO, a/s/o SUNRISE FREIGHT SYSTEMS, INC., and SATPAL SAINI,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINA B. LOPEZ, as PERSONAL REPRESENTATIVE OF THE ESTATE OF CELESTINO MOSES MONTOYA, and C. MONTOYA TRUCKING,<br><br>Defendants. | Civil Action<br><br>No. 5:19-cv-00913 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Aviva Canada Insurance, Company ("Plaintiff" or "Aviva") as subrogee of Sunrise Freight Systems, Inc. ("Sunrise") and Satpal Saini ("Saini") (collectively, the "Insureds") files this Plaintiff's Original Complaint against Christina B. Lopez, as the personal representative of the Estate of Celestino Moses Montoya ("Montoya"), and C. Montoya Trucking ("Montoya Trucking") (collectively, the "Defendants") and in support respectfully shows the Court and jury as follows:

### I.   PARTIES AND SERVICE

1. Plaintiff is a foreign corporation and wholly owned subsidiary of the UK-based Aviva plc. with its headquarters located in Markham, Ontario, Canada.

2. Defendant Christine B. Lopez is the personal representative of the Estate of Celestino Moses Montoya ("Mr. Montoya"), a deceased Texas resident who resided in Bexar

Civil Action No. 5:19-cv-00913

County, Texas. Her address was 11575 Fowler Rd. Atascosa, TX 78002. She may be served at this address or wherever she may be found.

3. Defendant Montoya Trucking is a Texas business with a principal place of business located at 4747 Burke Rd # 129 Pasadena, TX 77504.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action because it is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

5. Venue is proper in the Western District Court of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391 because the evens or omissions giving rise to this civil action occurred in Frio County, Texas.

6. This Court has specific jurisdiction over Defendants because Plaintiffs' cause of action arises from or is directly related to the contacts of these Defendants with the State of Texas.

## III. FACTS

7. On August 3, 2017, Saini was carefully and prudently operating a Freightliner FLD 120 6x4 ("Tractor") pulling a trailer ("Trailer") (collectively "Saini Vehicle") and was traveling north bound on IH 35 in the right lane.

8. As Saini was traveling northbound on IH 35, traffic in front of him began to slow down and eventually to a stop as the result of an unrelated accident.

9. Suddenly and inexplicably, the Saini Vehicle was struck from behind by an eighteen wheeler driven by Mr. Montoya at a high rate of speed ("Montoya Vehicle"), which caused the Saini Vehicle to collide with the eighteen wheeler ("Unit 3") stopped in front of it (the "Accident").

Civil Action No. 5:19-cv-00913

10. The impact of the Montoya Vehicle into the Saini Vehicle was so severe that it caused Unit 3 to collide with another eighteen wheeler ("Unit 4"), which then resulted in Unit 4's vehicle to collide with the eighteen wheeler ("Unit 5").

11. The Montoya Vehicle's impact with the Saini Vehicle was so severe that the Montoya Vehicle was completely destroyed and two axles were ripped off the Trailer of the Saini Vehicle.

12. There was no indication of Mr. Montoya braking or otherwise attempting to prevent or avoid the Accident.

13. At all relevant times, Saini was acting in a safe manner as the driver of the Saini Vehicle and was properly restrained in the front, driver's seat of that vehicle.

14. As a result of the force and impact of the collision resulting in the Accident, the Saini Vehicle and the cargo contained within the Trailer were destroyed.

15. As a result of the Accident, the Insureds have been damaged in an amount in excess of $400,000.00.

16. Pursuant to its policy of insurance with the Insureds, Plaintiff has paid to or on behalf of the Insureds for damages they incurred as a result of the Accident and is therefore subrogated to that amount.

17. Mr. Montoya was acting within the course and scope of his employment with Montoya Trucking when he caused the Accident. The Accident at issue occurred as a direct and proximate result of Mr. Montoya's negligence, negligence per se, and gross negligence when he:

    a. Failed to control his vehicle's speed;

    b. Failed to operate his vehicle safely;

    c. Failed to take evasive action to avoid the collision;

Civil Action No. 5:19-cv-00913

    d.  Failed to exercise caution;

    e.  Failed to keep a proper lookout;

    f.  Failed to maintain a safe distance;

    g.  Failed to train his employee;

    h.  Violated applicable, local, state, and federal laws and/or regulations;

    i.  Other acts so deemed negligent.

18.   Defendants owed a duty constituent with the foregoing, and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of the damages incurred by Plaintiff.

19.   Plaintiff's damages were caused by an intentional act or omission of Defendants or Defendants' gross negligence, entitling Plaintiff to exemplary damages. The conduct of Defendants, when viewed objectively from standpoint of Defendants at the time of the occurrence in question, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Additionally, Defendants were subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. As a result, Plaintiff is entitled to recover and seeks exemplary damages.

20.   As a result of Defendants' negligence and gross negligence, Plaintiff suffered extensive damages. The Defendants had the above referenced duties. Defendants breached those duties and Defendants' breaches were the cause in fact and the proximate cause of the damages Plaintiff has incurred. Furthermore, Defendants' actions were done with reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to and seeks exemplary damages.

Civil Action No. 5:19-cv-00913

## IV. JURY TRIAL DEMAND

21. Plaintiff respectfully demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b).

## V. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff, Aviva Canada Insurance, Co., prays that upon final hearing of this case, Plaintiff has judgment of and from Defendants for the full amount of damages, for prejudgment and post-judgment interest, costs of court and for general relief.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Jim Wetwiska
Jim Wetwiska (Federal Bar No. 18089)
jwetwiska@akingump.com
Nicholas E. Petree (Federal Bar No. 1778181)
npetree@akingump.com
1111 Louisiana, 44th Floor
Houston, Texas 77002-5200
Telephone:  713.220.5800
Telecopier:  713.236.0822

**ATTORNEYS FOR PLAINTIFF**